# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Shavar Lobban,

    Plaintiff,

v.

Linda Strumph and U.S. Equities Corp.,

    Defendants

Civil Action File No.:

**COMPLAINT WITH
JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Shavar Lobban, is a natural person who resides in Fulton County, Georgia.

2.  Defendant, U.S. Equities Corp, (hereinafter USEQ) is a New York corporation not authorized to do business in Georgia. Defendant may be served with process via its registered agent, Linda Strumph, Esquire.

3.  Linda Strumph, hereinafter "Strumph", is an individual licensed to practice law in the State of New York. She is also the registered agent for Defendant USEQ and, upon information and belief, has a management position within that company.

## JURISDICTION AND VENUE

4.  This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.  This Court has personal jurisdiction over Defendants because Defendants have availed themselves of the jurisdiction of the State of Georgia in their respective efforts and actions against the Plaintiff.

6.  Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County.

## FACTUAL ALLEGATIONS

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of credit card debt used for the purchase of ordinary goods and services and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant USEQ's principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party. Defendant is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant Strumph is an attorney that devotes considerable resources to and generates substantial revenue from the collection of consumer debt. Strumph is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendants each use interstate commerce and/or mail in its business in the collection of consumer debts.

12. USEQ purchases, and collects upon, defaulted consumer debt and seeks collection on thousands of such accounts annually.

13. Strumph has acted as the Plaintiff's attorney in numerous debt collection lawsuits in the State of New York and has on a consistent and regular basis acted as USEQ's counsel for this purpose. Moreover, she holds an ownership and or management position within USEQ

14. Upon information and belief, USEQ issued work standards, directives, and/or guidelines to Strumph which contained instructions, controls, and rules governing the steps Strumph could and could not take to attempt to collect debts including the filing and prosecution of lawsuits, and obtaining, maintaining, and renewing judgments.

15. Upon information and belief, these instructions, controls, and rules as described in the preceding paragraphs included steps, if any, which Strumph was required to take to investigate the accuracy of the address which Strumph had for a consumer before filing and/or serving a lawsuit against a consumer. Upon information and belief, these instructions, controls, and rules controlled and/or substantially affected all the actions Strumph took regarding state court actions on behalf of USEQ.

16. All actions alleged in this complaint taken by Strumph were taken in her role as the attorney and/or debt collector and agent for collection for USEQ.

17. Upon information and belief USEQ purchased a defaulted credit card account allegedly owed by the Plaintiff. USEQ enlisted Strumph as its attorney to obtain a judgment against the Plaintiff and to otherwise collect on the account.

18. On April 28th, 2006, the Strumph obtained a default judgment against the Plaintiff and in favor of USEQ for $4,528.83 in the District Court of Nassau County, New York (hereinafter "the judgment").

19. The judgment was taken on a motion filed by Strumph as USEQ's attorney. In their motion the Defendants represented to the Nassau County Court that the Defendants had effectuated valid service upon the Plaintiff on February 22nd, 2006. The Defendants represented to that court that at the time of service Plaintiff resided at 1402 Forest Avenue, Baldwin, New York, 11510.

20. Contrary to the Defendants' representations to the New York State Court, the Plaintiff did not reside at the Baldwin, New York address on February 6th, 2006. He had, in fact, relocated to the state of Georgia over a year earlier.

21. The Plaintiff been a resident of Georgia since at least January 2005 to present and his residency in Georgia has been uninterrupted.

22. The judgment obtained by the Defendants in April, 2006 was based upon a fraud upon the Nassau County District Court.

23. Over the next several years, the Plaintiff has communicated sporadically with the Defendants. Plaintiff has repeatedly advised the Defendants that he never received the lawsuit that resulted in the judgment of April 26th, 2006 and that he has lived in Georgia since prior to that date. Thus, the Defendants have had actual knowledge that at the time they obtained their judgment against the Plaintiff, the Nassau County First District Court did not have jurisdiction over the Plaintiff.

24. Notwithstanding this knowledge, the Defendants have continued to attempt to collect the debt owed on the basis of the fraudulently obtained judgment.

25. On July 6th, 2020, the Defendants filed a second complaint in the District Court for the County of Nassau, New York in which they referenced the judgment issued on April 28th, 2006 seeking to renew that judgment.

26. The Defendants served the Plaintiff with a copy of this suit and summons by mail received by the Plaintiff at his Georgia address. The summons served upon the Plaintiff requires him to appear in the District Court for the County of Nassau, New York and there to answer Defendant's complaint or risk relief being granted against him.

27. As was the case in Defendants' obtainment of the first judgment against the Plaintiff, the Defendants have actual knowledge with respect to this most recent action that the District Court of Nassau County does not have jurisdiction over the Plaintiff. Moreover, Defendants have actual knowledge that seeking legal relief against the Plaintiff in an improper and inconvenient venue and forum is an unlawful act.

28. The representations made by the Defendants to the District Court of Nassau County, New York with respect to this most recent action are false and materially misleading in that they are based upon a judgment the Defendants know to be invalid.

29. The actions of the Defendants concerned and worried the Plaintiff resulting in his obtaining legal counsel to determine his best course of action.

## **INJURIES-IN-FACT**

30. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

31. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

32. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

33. Defendants are subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

34. Defendants' acts and omissions caused particularized harm to the Plaintiff in that they have sued him in an improper and illegal forum resulting in his having to obtain counsel.

35. Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

36. As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and or activities of daily living, to confer with counsel regarding the Defendants' collection efforts;

c.) The Plaintiff has incurred attorney fees prior to the filing of this action as a result of consulting with counsel related to the newest suit brought by Defendants; and,

d.) Anxiety and worry caused by concern that Plaintiff was being sued in a court of law hundreds of miles from his residence. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

38. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

40. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

41. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

42. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

43. Defendants' representations to the Nassau County District Court, New York in its most recent suit were materially misleading and a violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

44. The Defendants' actions in bringing a second suit against the Plaintiff in an inconvenient forum is a violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

45. The conduct of the Defendants as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

46. The conduct of the Defendants violated other provisions of the Act to facilitate collection.

47. Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

48. Plaintiff incorporates by reference paragraphs 1 through 36 and 38 through 47 as though fully stated herein.

49. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

50. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

51. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

52. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

53. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

54. Defendant's conduct has implications for the consuming public in general.

55. Defendant's conduct negatively impacts the consumer marketplace.

56. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

57. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

58. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

59. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

60. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

61. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 25th day of November, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
Matthew Landreau
Georgia Bar No.: 301329
mlandreau@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorneys*